IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTINA VICTORIA CRUZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-CV-610-P |
| | § | |
| BOBBY LUMPKIN, Director, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

# OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 filed by Petitioner, Christina Victoria Cruz, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time barred.

## BACKGROUND

On August 18, 2016, Petitioner was indicted in Palo Pinto County, Texas, Case No. 16065B, for engaging in organized criminal activity by conspiring to distribute methamphetamine. Clerk's R. 7–8, ECF No. 13-21. On September 27, 2017, Petitioner waived a jury trial and entered an open plea of guilty to the offense and, on March 8, 2018, at the conclusion of the sentencing hearing, the trial court assessed her punishment at 25 years' imprisonment and a $5,000 fine. *Id.* at 126–28, 135. The trial court's judgment was affirmed on appeal and, on April 3, 2019, the Texas Court of Criminal Appeals refused

Petitioner's petition for discretionary review. Electronic R., ECF No. 13-9. Petitioner does not indicate that she sought a writ of certiorari in the United States Supreme Court. Pet. 3, ECF No. 3. On August 19, 2019, Petitioner filed a state habeas-corpus application challenging her conviction and sentence, which was denied by the Texas Court of Criminal Appeals on April 22, 2020, without written order.[1] SHR[2] 37, ECF No. 13-26; Action Taken, ECF No. 13-22. On July 24, 2020, Petitioner filed an out-of-time motion for rehearing, which the Texas Court of Criminal Appeals dismissed per curiam on July 27, 2020. Mot. for Reh'g, ECF No. 13-24. This federal habeas petition challenging her conviction and sentence is deemed filed on April 15, 2021.[3] Pet. 10, ECF No. 3. Petitioner raises nine grounds for relief. Respondent contends that the petition is untimely under the federal one-year statute of limitations in 28 U.S.C. 2244(d)(1). Resp't's Answer 4–8, ECF No. 12.

## DISCUSSION

Title 28, United States Code, 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

---

[1] A petitioner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Although Petitioner's state habeas application does not provide that information, it was signed by Petitioner on August 19, 2019. For purposes of this opinion, her state habeas application is deemed filed on that date.

[2] "SHR" refers to the record of Petitioner's state habeas proceeding in WR-90,983-01.

[3] A petitioner's pro se federal habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner asserts that she placed her federal petition in the prison mailing system on April 15, 2021.

  (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Under subsection (A), applicable in this case, the limitations period commenced on the date on which the trial court's judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *Id.* § 2244(d)(1)(A). For purposes of this provision, the judgment became final upon expiration of the time that Petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on July 2, 2019,

triggering the one-year limitations period, which expired one year later on July 2, 2020. *See Gonzalez v. Thaler,* 623 F.3d 222, 224 (5th Cir. 2010), *aff'd,* 565 U.S. 134 (2011); Sup. Ct. R. 13.1. Therefore, Petitioner's federal petition was due on or before July 2, 2020, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas application operated to toll limitations for 248 days, making her petition due on or before March 7, 2021. Her out-of-time motion for rehearing operated to further toll limitations for four days, making her petition due on or before March 11, 2021. *See Watts v. Brewer,* 416 F. App'x 425, 429 (5th Cir. 2011). *But see Young v. Stephens,* No. 4:13-CV-142-A, 2013 WL 2479710, at *2 n.7 (N.D. Tex. June 10, 2013) (untimely motion for reconsideration or rehearing not "properly filed" under state law does not toll limitations period during pendency of the motion); *Martin v. Thaler,* No. 4:11-CV-447-Y, 2021 WL 1694248, at *1 (N.D. Tex. May 15, 2012) (same). Therefore, Petitioner's petition filed on April 15, 2021, is untimely unless she is entitled to equitable tolling.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013); *Holland v. Florida,* 560 U.S. 631, 649 (2010). Petitioner presents no new evidence to meet the actual-innocence exception.

4

Instead, she urges that equitable tolling is justified due to the "extraordinary circumstances" presented by the COVID-19 pandemic during the one-year limitation period—specifically, intermittent lockdowns,[4] limited access to the prison law library, inability to purchase legal supplies or obtain legal assistance, and prison authorities' failure "to comply with COVID-19 guidelines and constitutional standards." Pet'r's' Resp. 2–3, ECF No. 15.

Indeed, the lack of access to a law library can in some circumstances toll the one-year limitations period. *See Egerton v. Cockrell,* 334 F.3d 433, 438–39 (5th Cir. 2003). In order to toll the limitations period, however, the lack of library access must have actually prevented the petitioner from filing his habeas petition. *Krause v. Thaler,* 637 F.3d 558, 561 (5th Cir. 2011). In this case, Petitioner presents no evidence that the diminished library access actually prevented her from filing her federal petition. Petitioner admits to having some access to law library materials—albeit on a limited and sometimes delayed basis. Pet'r's Resp. 3, ECF No. 15. Furthermore, the § 2254 form petition does not require a petitioner to analyze or cite case law. Nor does Petitioner specify what legal supplies she was denied access to from the prison's commissary system or demonstrate that the time she spent housed in the "F building" without immediate access to such supplies comprised a significant portion of the time she was permitted to pursue her rights. And, in this district difficulties in conducting legal research due to lack of legal assistance, sporadic lockdowns, and restrictive housing are

---

[4]Petitioner asserts that she was placed on medical lockdown on September 21, 2020, through October 26, 2020; January 16, 2021, through February 2, 2021; and February 6, 2021, through February 27, 2021. Pet'r's Resp. 2, ECF No. 15.

generally not grounds for equitable tolling. *See Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Madis v. Edwards,* 347 F. App'x 106, 108 (5th Cir. 2009). Petitioner does not otherwise explain her more than one year delay. Thus, while perhaps making it more difficult to complete and file her petition, the pandemic and the procedures taken by the prison to address it did not prevent its filing.

Petitioner's federal petition was due on or before March 11, 2021. Her petition filed on April 15, 2021, is therefore untimely.

## CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 is **DISMISSED** as time barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**. Petitioner's motion for appointment of counsel is also **DENIED**.

**SO ORDERED** on this 18th day of August, 2021.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE